**TOBIN v. KING PACKING CO.**
No. 2797.

United States District Court
D. Idaho, Southern Division.
May 27, 1952.

William S. Tyson, Sol., John J. Babé, Asst. Sol., U. S. Department of Labor, Washington, D. C., Kenneth C. Robertson, Regional Atty., James F. Scott, Principal Atty., U. S. Department of Labor, San Francisco, Cal., for plaintiff.

Langroise & Sullivan, William H. Langroise and Willis Sullivan, Boise, Idaho, for defendant.

HEALY, Acting District Judge.

This is an action by the Secretary of Labor to enjoin King Packing Company from the continuance of alleged violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The question involved I take to be one of mixed law and fact. It is whether time spent by employees, called knifemen, in sharpening their knives outside their regularly scheduled shift time is compensable, or whether, on the contrary, such activity is preliminary or postliminary to the employees' principal activities and thus within the ban of Section 4(a) (2) of the Portal-to-Portal Act, 29 U.S.C.A. § 254 (a) (2). It is undisputed that the activity is not compensable by contract or by custom at the plant.

Ordinarily the sharpening is done in a room provided by the employer for the convenience of the knifemen. The latter may, however, sharpen their knives at their homes or at any place that suits their convenience. The evidence is that they are employed to perform work in the killing and cutting rooms of the plant in the slaughter of cattle and hogs, and in the cleaning and cutting up of the carcasses. These are their principal activities. They are obviously not employed to sharpen knives. The knives are their own tools with which they are required by the terms of their employment to equip themselves for the proper performance of the work they are employed to do.

If there were no more to the case than this, the activity would clearly be preliminary or postliminary to the principal activities which these employees are hired to perform. But it is contended, in effect, that the uncompensated activity is work of the same kind the knifemen perform during their regular working hours, hence that the case is ruled by Biggs v. Joshua Hendy Corporation, 9 Cir., 183 F.2d 515.[1] The argument is predicated on the circumstance that these employees carry a steel and continually steel their knives throughout the course of the working shift. By custom or practice at the plant the time spent in steeling is compensable.

The argument has a degree of plausibility but I am not greatly impressed by it. The sharpening work done by the employees off shift is accomplished by use of a whetstone, grindstone, or emery wheel. The process differs materially from the steeling in that it entails the use of different means, is more cumbersome, and apparently has a distinctive purpose. Not unfairly, I think, one may describe the last-named difference by saying that the object of the

---

1. In that case the Court of Appeals said [183 F.2d page 520] that the Portal-to-Portal Act has no application "where * * * the work for which compensation is being claimed is the same kind of work as was performed throughout the remainder of the workweek."

off-shift activity is to put an edge on a dull knife, whereas that of steeling is to keep it there for the duration of the shift. In my opinion the differences described are sufficiently substantial to justify the existing variance in custom and usage as between the two processes.[2] Moreover, for obvious reasons it is a matter of practical necessity for the employer to treat the continual steeling process as compensable, whereas no such necessity obtains in respect of the grinding operation. In actuality, of course, neither operation constitutes the "principal activity" which the knifemen are employed to perform.

My conclusion is, therefore, that the off-shift activity in question is preliminary or postliminary to the principal activities of these employees. I am convinced that a contrary holding would do violence to the spirit and intent of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq.

The defendant's production manager, Broces, made a time study over a period of two weeks to determine the length of time spent by employees in sharpening their knives other than during the scheduled shift time. He testified that the average time as disclosed by his study was 10.4 minutes per man per day. Several of the knifemen who testified gave it as their opinion that they spend around 20 minutes per day in the process. Naturally, all these witnesses, including Broces, are interested witnesses, but I place greater credence in the study of Broces than in the offhand estimate of the others. However, I am not prepared to agree with the defendant's subsidiary contention that 10.4 minutes per day is de minimis.

Judgment will be for the defendant. Its counsel will prepare and submit findings of fact, conclusions of law and judgment. Plaintiff's counsel may submit objections or propose changes if so advised.

2. Consult subsection (c) of Section 4 of the Portal-to-Portal Act, reading as follows: "For the purposes of subsection (b) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it is engaged in during the portion of the day with respect to which it is so made compensable."