James F. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

SOUTHEASTERN CARBON PAPER COMPANY, a corporation, Defendant.

### No. 4735.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 17, 1954.

**526**

Stuart Rothman, Solicitor, Washington, D. C., Beverly R. Woorell, H. Grady Kirven, Birmingham, Ala., for plaintiff.

Spalding, Sibley, Troutman & Kelley, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

In this case the Secretary of Labor seeks injunction against alleged violations by defendant of the Fair Labor Standards Act of 1938 as amended, see 29 U.S.C.A. § 201 et seq. The purpose of the action was to require defendant to keep records showing amounts of time consumed by certain employees before going to work in changing their clothes, and upon leaving work, taking a bath and changing their clothes.

These facts appeared upon the trial before the Court without a jury:

Defendant, a manufacturer of carbon paper, engaged in commerce and subject to this Act, had five employees in its coating department. They worked forty hours per week and were paid in excess of minimum wages required by law. In addition thereto they spent five minutes each morning after arrival on defendant's premises and before commencing their work, in changing into their work clothes. At the end of their regular shift, some of them would take a bath and change clothes, consuming twenty minutes time, others would leave for their homes without doing so.

In an early stage of the case plaintiff sought the privilege of going on the premises and photographing these employees, the latter objected to being photographed, and at the Court's suggestion, consented to by all counsel, the Court went personally to defendant's plant just prior to four o'clock p. m. on a hot July day, and observed two employees working in the coating department at their machines. Their clothes were covered with grime and dirt, their bodies with perspiration and smears of ink, and it was apparent that, for their own pleasure, pride and convenience, a bath and change of clothes was necessary. For the economic welfare of their employer such a bath and change was immaterial, there were no dangerous acids or other matters in their clothing, nor was any particular type of clothing necessary in connection with their work.

This case, under the above Findings of Fact, turns entirely upon the interpretation by the Court of the provisions of the Fair Labor Standards Act as amended October 26, 1949, 29 U.S.C.A., § 203 (o), which reads as follows:

"(o) Hours Worked.—In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the

week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee."

As it appears in the instant case that the employees were not organized, that they did not have with their employer a written or express "collective-bargaining agreement applicable to the particular employee", question arises whether time spent in changing clothes or washing is excluded. It does appear, however, that there was a custom between employer and employees that such time should not be included, the employees taking the witness stand disclaimed any such contention, it appeared that they had never claimed the same nor agreed to the same, and apparently were utterly indifferent upon the question. They seemed more amused at the entire proceedings than interested therein, and absolute peace and harmony seemed to prevail upon their relationships to the employer.

### Legislative History of the Amendment of 1949

The background of the foregoing amendment begins with three decisions by the United States Supreme Court which gave rise to passage of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. A brief reference to the ruling in each of these cases is helpful.

In Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, the Supreme Court held the employees entitled to payment for underground travel to the mines.

In Jewell Ridge Coal Corp. v. United Mine Workers, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534, the Supreme Court also held employees entitled to payment for time spent in travel underground, despite any custom or contract to the contrary.

In Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L. Ed. 1515, the same ruling was made but also covered putting on overalls, etc., on the premises.

The Supreme Court, however, stated that to constitute work or employment there must exist physical or mental exertion whether burdensome or not, it must be controlled or required by the employer and must be pursued necessarily and primarily for the benefit of the employer and his business.

On May 14, 1947 the Portal-to-Portal Act was passed by Congress, 29 U.S.C.A. § 251(a), pointing out the serious consequences of the above rulings and showing intent to avoid the same. The Act provided in effect that the employer should not be relieved from payment for time spent by employee as to such preliminary and postliminary activities if the same were compensable under "an express provision of a written or non-written contract in effect at the time * * *" or, "a custom or practice in effect at the time." That is to say, if there were a contract, even non-written, providing for compensation, the exception of the same under § 251(a) should not apply.

Following the passage of the aforesaid Portal-to-Portal Act, it was construed by many circuit courts and district courts in such a way as to exclude from compensation time of employees spent in bathing and changing clothes. In Newsom v. E. I. Du Pont De Nemours & Co., 6 Cir., 173 F.2d 856, there is a full discussion on this question and the court ruled, as not being part of the work-week time spent by employees in applying to the exposed parts of their bodies grease for repelling toxic matters, putting on gloves and other special equipment, and at the end of the day, washing and changing clothes. See also Mc-Comb v. C. A. Swanson & Sons, D.C., 77 F.Supp. 716; Bumpus v. Remington Arms Co., 8 Cir., 183 F.2d 507; Lasater v. Hercules Powder Co., D.C., 73 F.Supp. 264; Battery Workers' Union Local 113, United Electrical, Radio & Machine Workers v. Electric Storage Battery Co., D.C., 78 F.Supp. 947; McIntyre v. Joseph E. Seagram & Sons Co., Inc., D.C., 72

F.Supp. 366. Similar ruling was made in Tobin v. King Packing Co., D.C., 107 F.Supp. 369, but as that case involved time spent by employees sharpening their knives in order to perform the work of their employer, it would seem to be of doubtful propriety.

### Amendment to Fair Labor Standards Act of 1949

The proceeding in Congress leading up to the final adoption of this amendment, 29 U.S.C.A. § 203(o), demonstrates that all members of Congress interested therein had in mind that such activities would not be part of the work-week if there was an agreement, custom or understanding, excluding the same. Things that were said and done prior to the passage of this Act would not be material as shedding light on this question, were the above statute free from doubt. There is some doubt, however, as to whether said statute was intended to exclude such time only where there existed "custom or practice under a bona fide collective-bargaining agreement", but whether on the other hand, it should be excluded where there was a custom or practice under a bona fide working arrangement between the employer and the employee, though not involving technically a "collective-bargaining agreement".

Let it first be said that should such exclusion be confined only to a collective bargaining agreement, written up and executed by employer and its organized employees, there would be a clear discrimination against the organized employees and in favor of employees which were not organized. There are no statutes or circumstances to indicate any such legislative policy for the last two decades. On the other hand, all that was said and done in connection with the enactment of § 203(o) indicates the intention of Congress to exclude preliminary and postliminary services where it was the actual intention of the employer and the employee to exclude same, no matter how such intention might have been manifested, or how it might be sought to be proven.

Section 203(o) was first contained in H.R. 4704 by Mr. Herter, who explained "it is offered for the purpose of avoiding another series of incidents which led to the Portal-to-Portal legislation and led to the overtime on overtime legislation." He pointed out that in many cases the matter of time consumed in changing clothes "has been carefully threshed out between the employer and the employee, and apparently both are completely satisfied with respect to their bargaining agreements." The difficulty is that "suddenly some representative of the Department of Labor may step into one of those industries and say, 'You have reached a collective-bargaining agreement which we do not approve. Hence the employer must pay for back years the time which everybody had considered was excluded as part of the working day.' That situation may arise at any moment. This amendment is offered merely to prevent such a situation arising and to give sanctity once again to the collective-bargaining agreements as being a determining factor in finally adjudicating that type of arrangement. It sounds wordy, but in effect it is a very simple amendment."

Mr. Lucas stated that he did not oppose this amendment, that he did not think it was necessary, that the Portal-to-Portal Act was intended to cover such situations, and that both management and labor desired this amendment. The amendment was adopted. Congressional Record Vol. 95, Part 8, 81st Congress, 1st Session—House, August 10, 1949, page 11201.

When this House Bill went to the Senate it contained the Herter amendment. Senator Thomas introduced Senate Bill 653 which also contained Section 3(o). A conference was had which issued Conference Report 1453 of the 81st Congress, 1st Session, which refers to Section 3(o), which stated in part: "The conference agreement limits this exclusion to time spent by the employee in changing clothes and cleaning his person at the beginning or at the end of each workday." See Congressional Record—

House, 81st Congress, 1st Session, October 18, 1949, page 14929.

From all of the statements of legislators concerning this Act, and from its legislative history otherwise, it seems clear that Congress intended that the time expended by employees in washing and changing clothes should not be compensable, where it was not compensable under custom prevailing nor under implied agreement between the parties, and where activities of the employees in changing clothes and taking baths, was not so closely related to the duties which they were employed to perform as to constitute an integral part thereof. The use of the expression "collective-bargaining agreement" will therefore not exclude such time as compensable, though it is an implied contract instead of an expressed contract.

This case is clearly to be distinguished from the case of Steiner v. Mitchell, 215 F.2d 171, decided August 10, 1954 by the Sixth Circuit Court of Appeals, see opinion by lower court in Durkin v. Steiner, D.C., 111 F.Supp. 546. In that case "the only question presented for determination is whether the activities of the employees of appellants in changing clothes and taking shower baths at the plant, on account of the hazardous conditions inherent in the nature of their work, are so closely related to the duties which they are employed to perform as to constitute an integral part thereof" [215 F.2d 172]. That case involved the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 254(a) (2). Liability of the employer in that case was predicated upon the circumstances concerning use of chemicals which were "dangerous to the health of the workers." Those elements are not present in the instant case and it might be correctly ruled in the instant case that the washing and changing clothes do not measure up to the rule laid down by the Supreme Court, prior to passage of the Portal-to-Portal Act. Be that as it may, however, time consumed in washing and changing clothes, where not required by the employer and where done for the convenience of the employee, is not compensable where the employer and employees have tacitly agreed that it was not part of the work-week, and that is the primary basis for decision in this case denying injunctive relief.

Findings of Fact, Conclusions of Law and Judgment will be entered in accordance herewith.