PINEL *v.* PINEL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 181.   Argued January 17, 1916.—Decided April 3, 1916.

When two or more plaintiffs having separate and distinct demands unite in a single suit, the demand of each must be of the requisite amount to be within the jurisdiction of the District Court; when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest that court has jurisdiction if they collectively equal the jurisdictional amount.

Under par. 1, § 24, Jud. Code, where jurisdiction is based on diverse citizenship, the matter in controversy must appear by distinct averment on face of the bill, or otherwise from proof, to exceed $3,000.

In a suit by two children of a testator, each alleging a statutory intestacy as to himself on the ground that he was omitted from the will through testator's mistake, and one of them claiming by purchase from another child as to whom a like mistake and statutory

intestacy is alleged, one plaintiff seeking to recover two undivided shares of one-eighth, and the other one undivided share of one-eighth, in an estate, the maximum value of which is less than twelve thousand dollars, *held* that as it does not satisfactorily appear that the value of the interest of either complainant exceeds three thousand dollars, jurisdiction does not exist.

In such a suit, the interests of the complainants are separate and distinct; they cannot be aggregated in determining whether the amount in controversy is sufficient to give jurisdiction.

THE facts, which involve the determination of the amount in controversy and whether it is sufficient to give the District Court jurisdiction, are stated in the opinion.

Mr. *Emil W. Snyder,* with whom Mr. *Frank E. Robson* was on the brief, for appellants.

Mr. *Lynn M. Johnston,* with whom Mr. *L. C. Stanley* was on the brief, for appellees.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is a direct appeal under § 238, Jud. Code, from an order dismissing a bill of complaint for want of jurisdiction. There are two complainants, and the jurisdictional questions certified are, (1) whether the amount in controversy is sufficient to give the court jurisdiction, and (2) whether the parties are collusively joined.

It is averred in the bill that complainants and defendants are the children of one Charles T. Pinel, a resident of the State of Michigan, who died June 26, 1888, possessed in fee simple of a tract of land situate in that State, and leaving a last will and testament which was afterwards duly admitted to probate there, by which he left his entire estate to the defendants, failing to provide for complainants, who are two of his children, and for another child, Charles W. Pinel; that their omission from the will was not intentional on the part of the said Charles T. Pinel, but was made by a mistake or accident; that the laws of the State of Michigan (Comp. Laws, 1897, § 9286),

provide that when any testator shall omit to provide in his will for any of his children, and it shall appear that such omission was not intentional and was made by mistake or accident, such child shall have the same share in the estate of the testator as if he had died intestate; that by virtue of the statute complainants and the said Charles W. Pinel were severally entitled to the same shares in the estate of Charles T. Pinel, deceased, as if he had died intestate; that testator left a widow and nine children, one of whom is since deceased; that after testator's death Charles W. Pinel conveyed all his interest in the estate to the complainant Sarah Slyfield; and that, by reason of the premises, "complainant Herman Pinel is entitled to an undivided one-eighth interest, and complainant Sarah Slyfield to an undivided two-eighths interest, or in all both complainants together to an undivided three-eighths interest in the aforesaid property, which said interests are of the value of $4,500 and upwards over and above all encumbrances." The prayer is, in effect, that the title of complainants to an undivided three-eighths interest in the land may be established.

The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. *Clay* v. *Field*, 138 U. S. 464, 479; *Troy Bank* v. *Whitehead*, 222 U. S. 39. This case comes within the former class, since the title of each complainant is separate and distinct from that of the other; it being evident that the testator's omission to provide for one of his children by will, based upon mistake or accident, is independent of the question whether a like mistake was made with respect to another child.

The action having been brought in the District Court under the first paragraph of § 24, Jud. Code (act of March 3, 1911, ch. 231; 36 Stat. 1087, 1091), on the ground of diversity of citizenship, it is necessary that the matter in controversy exceed the sum or value of $3,000, and that this shall appear by distinct averment upon the face of the bill, or otherwise from the proofs. The averment that complainant Pinel is entitled to an undivided one-eighth interest, and complainant Slyfield to an undivided two-eighths interest, making together an undivided three-eighths interest in the property in question, "which said interests are of the value of $4,500 and upwards over and above all encumbrances," is not the legal equivalent of saying that the interest of either complainant is of the value of more than $3,000. It is not necessarily to be inferred that the value of an undivided two-eighths is two-thirds of the value of an undivided three-eighths. The probable cost and difficulty of partition, and other like considerations, prevent the application of a mere rule of proportion. Affidavits were submitted *pro* and *con* upon the motion to dismiss, but they do not help matters. Complainants submitted five affidavits, all in a stereotyped form and based on information and belief, stating that the value of the farm as a whole is $15,000 and upwards, but saying nothing about encumbrances nor stating distinctly the value of an undivided one-eighth or two-eighths interest. Defendants submitted four affidavits valuing the farm at not more than $9,000 if free and clear of encumbrances, but showing it encumbered to an amount upwards of $3,500. Were we to accept the highest valuation stated by anybody ($15,000) and deduct from it the amount of undisputed encumbrances, we should have a net valuation less than $11,500. Assuming undivided shares to be of proportionate value, a two-eighths interest would be worth less than $3,000.

Upon the whole, it does not satisfactorily appear that

the interest claimed by either complainant is sufficient in value to confer jurisdiction, and hence the bill was properly dismissed. It is obvious that, in the view we take of the case, the question of collusive joinder becomes immaterial.

*Decree affirmed.*