## NEWSOM et al. v. E. I. DU PONT DE NEMOURS & CO.

### No. 10740.

United States Court of Appeals
Sixth Circuit.

April 14, 1949.

---

Whitworth Stokes, of Nashville, Tenn. (Lewis S. Pope, T. J. Sterritt, John Inscho and Whitworth Stokes, all of Nashville, Tenn., on the brief), for appellants.

Charles L. Cornelius, of Nashville, Tenn. (Charles L. Cornelius, of Nashville, Tenn., and C. M. Spargo, of Wilmington, Del., on the brief), for appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from the judgment of the District Court in consolidated cases which dismissed actions brought on behalf of appellants and other employees of appellee similarly situated.

The complaint prays judgment against the appellee for all overtime work (all time worked or spent in waiting or walking or traveling in excess of 40 hours per week in any one workweek) plus liquidated damages and attorneys' fees. The activities for which compensation is sought are described as being certain preliminary activities after arriving at the places of work, such as putting on aprons and overalls, removing shirts, taping or greasing arms, putting on finger cots, preparing equipment for productive work, turning on switches for lights and machinery, opening windows, and assembling and sharpening tools, and other work necessary to the employment. It is averred that the appellants were required to walk or travel a great many minutes a day solely upon the premises of the appellee, as a necessary prerequisite to productive work, and that the routes employed and the time allowed were under the constant control and supervision of the appellee.

It is also alleged that "At the end of every particular shift, it was necessary that plaintiffs remove grease, gloves, wrappings and other special equipment and appliances, and in a great many instances they were required by the defendant's regulations to

take a shower bath as a safety precaution for the benefit of the defendant."

Filed after the enactment of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., the amended complaint alleges that under the bargaining contract made between appellee and its employees on September 2, 1944, it was specifically provided in writing that "Time and one-half or double time will be paid when required by law or Government regulation."

It was also alleged that another paragraph of the contract expressly provided:

"(a) Time and one-half will be paid to hourly roll employees:

"1. For hours worked in excess of eight (8) when more than eight (8) hours are worked consecutively except that, when an employee receives overtime premiums under Company rules for work prior to the start of his regularly scheduled work period, overtime premiums for hours worked in excess of eight (8) will be off-set by the overtime premiums payable under such Company rules."

The answer set up that the contract of September 2, 1944, was written during the war emergency, and that the provision as to time and a half or double time was inserted because there was then in full force and effect a government wartime regulation embodied in Executive Order No. 9240, 40 U.S.C.A. § 326 note, effective October 1, 1942, which provided:

"(1) Where because of emergency conditions an employee is required to work for seven consecutive days in any regularly scheduled workweek a premium wage of double time compensation shall be paid for work on the seventh day

"(2) Where required by the provisions of law or employment contracts, not more than time and one-half wage compensation shall be paid for work in excess of eight hours in any day or forty hours in any workweek or for work performed on the sixth day worked in any regularly scheduled workweek."

This order was revoked after the end of hostilities in August, 1945, by Executive Order, 9601, 40 U.S.C.A. § 326 note.

A new bargaining contract made on January 2, 1946, between appellee and its employees omitted the provision that time and a half or double time should be paid when required by law or government regulation, but retained the provision that time and a half should be paid for consecutive hours worked in excess of eight.

No reply to the answer was filed, and appellee then moved to dismiss the actions upon the ground that the District Court had no jurisdiction of the subject-matter, and that the amended complaints do not state a cause of action within the provisions of the Portal-to-Portal Act of 1947, 29 U.S.C., § 251 et seq., 29 U.S.C.A. § 251 et seq.

The District Court granted the motion, and dismissed the action.

Appellants contend that the judgment should be reversed, on the ground (1) that their claims fall within the exception contained in the Portal-to-Portal Act; and (2) that if the Portal-to-Portal Act be construed as barring these actions, it is unconstitutional.

The controlling section of the Portal-to-Portal Act of 1947, 29 U.S.C., § 252(a) (1) and (2), 29 U.S.C.A. § 252(a) (1, 2), is as follows:

"No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended * * * on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity * * *."

Also pertinent is § 252(d), which reads:

"No court of the United States * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or after the date of the enactment of this Act [May 14, 1947], to enforce liability or

impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

■ As the case was decided on motion to dismiss, we assume the existence of the facts well-pleaded in the complaint. Pacific States Box & Basket Co. v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853.

■ Appellants contend that the provision of the contract of September 2, 1944, that time and a half or double time should be paid when required by law or government regulation, expressly incorporated the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., into the contract and thereby brought the activities described in the complaint within the exception of the Portal-to-Portal Act. It may be noted that the Fair Labor Standards Act does not provide for double time, and in that respect the provision of the contract would seem to apply to Executive Order 9240, which does provide for time and a half and also for double time. However, the contract provision of September 2, 1944, clearly refers to overtime payments "required by law," and hence by reference includes the requirement of the Fair Labor Standards Act concerning such payments. Interstate Consolidated Street Ry. Co. v. Commonwealth of Mass., 207 U.S. 79, 84, 28 S.Ct. 26, 52 L.Ed. 111, 12 Ann. Cas..555. But the fact that the Fair Labor Standards Act is written into and becomes part of an express labor-management contract does not call for reversal of the judgment below. The exception of the Portal-to-Portal Act, 29 U.S.C., § 252(a) (1) and (2), 29 U.S.C.A. § 252(a) (1, 2), does not apply to any and all activities engaged in by employees, but only to such as are expressly compensable under a written or nonwritten contract or custom or practice in effect covering the activity. In order that activities be expressly compensable under this provision they must be specifically described. A contract which does not refer to and specify the activities for which compensation is to be made does not bring the exception into force. It is undisputed on this record that the parties, in executing the contract of September 2, 1944, did not contemplate that the activities described in the complaint should be paid for. Such activities, at that time and always, prior to the decision in Tennessee Coal, Iron & Rd. Co. v. Muscoda Local No. 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014; Jewell Ridge Coal Corp. v. Local No. 6167, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534; and Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 696, 66 S.Ct. 1187, 90 L.Ed. 1515, had been considered as incidental to and included in the productive work and compensated for by the rate of pay on the particular job. The first requisite, then, for the existence of a contract between the parties to pay for these particular activities, namely, a meeting of the minds, was completely lacking. The transactions in controversy fall squarely within the situation described in the findings and declaration of policy of the Congress made in § 1(a) (5) of the Portal-to-Portal Act, 29 U.S.C., § 251(a) (5), 29 U.S.C.A. § 251 (a) (5), namely, that if this recovery is allowed, it will give payment to employees for engaging in activities no compensation for which had been contemplated by either the employer or employee at the time they were engaged in.

The Fair Labor Standards Act, although incorporated by reference into the contract, does not fill this gap, for it contains no provision with reference to the activities for which recovery is here sought. It embodies provisions regulating minimum wages and maximum hours of work in industry generally. The Act does not define work or workweek, nor say anything as to whether or not preliminary or incidental activities shall be compensable. Section 7, which fixes the maximum hours of a workweek and forbids employment for any time in excess thereof unless time and a half is paid for overtime, 29 U.S.C., § 207, 29 U.S.C.A. § 207, makes no reference to pay for activities such as are here involved. While

the provisions of the Fair Labor Standards Act became part of the express contract under the bargaining agreement of September 2, 1944, this incorporation of the statute by reference does not add an express provision covering the particular activities, and therefore the exception of the Portal-to-Portal Act does not apply.

The Portal-to-Portal Act, which became law subsequent to the enactment of the Fair Labor Standards Act, was framed with specific reference to activities such as those involved herein. As has often been repeated, it was passed in order to bar the innumerable claims that were being filed under the Fair Labor Standards Act in order to take advantage of the decisions in Tennessee Coal, Iron & Rd. Co. v. Muscoda Local 123; Jewell Ridge Coal Corp. v. Local No. 6167; and Anderson v. Mt. Clemens Pottery Co., supra. Appellants in effect ask us to read these interpretations into the contract in suit, although with certain exceptions the Portal-to-Portal Act expressly repealed them. Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58, 62. Such a construction would nullify both the purpose and the provisions of the Portal-to-Portal Act. There being no allegation or proof of the existence of an express contract or custom to pay for the activities described in the complaint, they are barred. The District Court had no jurisdiction of them, 29 U.S.C., § 252(d), 29 U.S.C.A. § 252(d), and a cause of action is not stated.

Appellants contend, however, that the provision which was written in all bargaining contracts from September 2, 1944, to the present time, that time and a half for overtime should be paid "for hours worked in excess of eight * * *" constitutes an express written contract within the protection of the exception and independent of the Fair Labor Standards Act. Since certain of these identical provisions were written into the contracts after the adjudication of the Tennessee Coal, Iron & Rd. Co., the Jewell Ridge Coal Corp. and the Anderson cases, supra, it cannot be successfully contended by the appellee that it did not contemplate that non-productive and incidental activities such as those described in the complaint were work within the Fair Labor Standards Act as interpreted by the Supreme Court in those decisions. However, since the individual contracts of the 334 appellants are independent of statute, the relief sought is not common to all. Rule 23(a) (3), Federal Rules of Civil Procedure, 28 U.S.C.A. Each appellant has a separate and distinct cause of action, and was required to allege that as to him the matter in controversy exceeds the jurisdictional amount of $3,000. Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817; Fisch v. General Motors Corp., 6 Cir., 169 F.2d 266, 274. Since such allegations are lacking, the District Court did not err in dismissing the complaint.

The constitutionality of the Portal-to-Portal Act has also been considered recently by this court in Rogers Cartage Co. v. Reynolds, 166 F.2d 317. While different sections of the Act, namely, § 9 and § 11, 29 U.S.C.A. §§ 258, 260, were there construed the constitutionality of the Act was attacked upon grounds similar to those relied on herein. An exhaustive consideration of the validity of the Act was given by this court in Fisch v. General Motors Corp., supra, and its constitutionality was sustained. Cf. Seese v. Bethlehem Steel Co., supra. We adhere to our previous decisions, and deem it unnecessary further to discuss this portion of appellants' argument.

The judgment of the District Court is affirmed.