Sam COLMAN and Rose Finglass,
Plaintiffs,

v.

Shirley Ann PITZER, Administratrix of
the Estate of Robert H. Pitzer, Jr.,
Deceased, Defendant.

Civ. A. No. 566.

United States District Court
W. D. Pennsylvania.

March 3, 1958.

English, Gilson, Baker & Bowler, Erie, Pa., for plaintiffs.

Gifford, Graham, MacDonald & Illig, Erie, Pa., for defendant.

WILLSON, District Judge.

In this diversity case defendant has moved for judgment on the pleadings. Plaintiff Sam Colman is a resident of the City of Erie, Pennsylvania in this district. On November 8, 1956, according to the complaint, he was operating a Buick automobile owned by the other plaintiff, Rose Finglass, on a highway in Erie County, Pennsylvania. Defendant's intestate, Robert H. Pitzer, Jr., a resident of Ohio, was operating a truck owned by him on the same highway. The vehicles collided. Plaintiff Colman was injured and as a result he claims damages in excess of $3,000. Robert H. Pitzer, Jr. died at the time of or very soon after the collision.

It is noticed that Rose Finglass, who owned the car which plaintiff Colman was driving, is a resident of Maryland. She joins with plaintiff Colman in the suit pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C., but her claim for relief covers damages to the automobile only in the amount of $1040. The service of the summons and complaint was made upon the defendant by serving the Secretary of the Commonwealth pursuant to the Federal Rules and the Pennsylvania Act of 1929, May 14, P.L. 1721, as amended February 17, 1956, 75 P.S. § 1201 et seq. The amendment now permits service upon the personal representative of a nonresident motor vehicle operator who dies after the accident.

The contention of the defendant is that plaintiffs did not present a claim in accordance with the probate laws of the State of Ohio against the defendant Shirley Ann Pitzer, Administratrix of the Estate of Robert H. Pitzer, Jr., prior to the filing of their complaint and within the time required under Ohio law. This contention is raised by the defendant in the answer under "New Matter."

In the answer defendant has averred that Section 2117.06 of the Probate Code, R.C.Ohio, requires that all claims against decedents' estates shall be presented within four months after the appointment of the executor or administrator, and further, that under another section a claim that is not presented within nine months from the date of the appointment of an executor or administrator shall be forever barred. It is averred that the Administratrix here was appointed by the Probate Court of Ashtabula County, Ohio, on November 20, 1956.

Defendant further contends that because plaintiffs have failed to controvert the defense set up under New Matter, it must be taken as having been admitted, since more than twenty days have elapsed since the filing and serving of the answer containing new matter. However, plaintiffs point to Rule 7 of the Federal Rules of Civil Procedure which, of course, designates the pleadings allowed in Federal practice. The pleadings in Federal practice are a complaint and answer; and a reply to a counterclaim denominated as such; an answer to a cross claim if the answer contains a cross claim. Mention is then made of the third party complaint and answer and the rule then specifically says no other pleadings shall be allowed except as the court may order a reply to an answer or a third party answer.

Rule 8, which covered the general rules of pleading, sets forth the requirements as to the complaint and answer and 8(c) refers to affirmative defenses. It is noticed that part of the language in 8(c) no doubt covers the defense raised here in that it says " * * * and any other matter constituting an avoidance or affirmative defense." Thus it appears that the defense raised by the new matter is properly pleaded under the Federal rules, although inappropriately characterized. But in this connection, 8(d) says that averments in a pleading to which no responsive pleading is per-

mitted shall be taken as denied or avoided. On this point, under 8(d) the defense raised is simply an issue in the case, as plaintiff cannot be held in default for failing to file a reply to the "New Matter" because no such pleading is permitted under the Rules of Civil Procedure.

At the argument, counsel for the plaintiffs conceded as a fact that plaintiffs did not present any claim to the administratrix as mentioned under the Probate Code of the State of Ohio. The issue is thus squarely presented as to whether such a procedure is a prerequisite to the filing of suit in this court based upon a tort action occurring in Pennsylvania.

█ █ No authority is needed for the proposition that a nonresident motorist coming into Pennsylvania and being involved in a collision may be held liable under the negligence law of Pennsylvania. This is substantive law. There is no issue presented here on the service of process. There is diversity of citizenship, so that the court has jurisdiction and venue under 28 U.S.C.A. §§ 1332 and 1391, because plaintiff Colman resides in this district.

█ This is a claim for relief because of an alleged tort committed by defendant's decedent. The action is thus transitory so that decedent, had he lived, could have been sued any place where service of process could have been made upon him. Pennsylvania now says that in the event of his death, his personal representative may be served and this has been done. Under the facts as shown by the pleadings and which are undisputed, the remedy provided by the State of Pennsylvania will not be defeated in a Federal court merely because the law of Ohio requires a certain period of time for a presentation of a claim against an administratrix. It is believed that the defendant here confuses the possible collection of a judgment with the right to bring suit in the first instance. It may very well be that if plaintiff Colman is successful in this court and a money judgment results, he may be confronted with the Ohio statute in collecting the judgment from the defendant. On the other hand, it may not be necessary for him to go into the State of Ohio to collect his judgment. He is entitled to proceed in this court under the substantive law of Pennsylvania. As to the plaintiff Colman, defendant's motion for judgment will be denied.

█ It is noticed that plaintiff Finglass's claim for relief is less than the jurisdictional amount stated under 28 U.S.C.A. § 1332(a). Rule 20 does not confer jurisdiction merely by the permissive joinder with plaintiff Colman. The law is that when two plaintiffs have separate and distinct demands and unite in a single suit, the amount of each must be of the requisite amount to be within the jurisdiction of the district court. See Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; and Century Insurance Co. v. Mooney, 10 Cir., 241 F. 2d 910.

█ Although defendant does not raise the issue of venue as to plaintiff Finglass, under Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, not only is there no jurisdiction because of the amount claimed, but there is no venue in this judicial district. Defendant's motion for judgment as to plaintiff Finglass will be granted and her complaint dismissed.