Nicholas DEL SESTO and David Del Sesto, pro ami, Plaintiffs,

v.

TRANS WORLD AIRLINES, INC., Defendant.

Civ. A. No. 2842.

United States District Court Dist. Rhode Island.

Jan. 16, 1962.

Joseph Mainelli, Providence, R. I., for plaintiffs.

Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Providence, R. I., of counsel, for defendant.

DAY, District Judge.

In this action the plaintiffs, father and minor child, seek to recover damages for personal injuries and losses alleged to have been sustained by them by reason of the negligence of the defendant.

In their complaint the plaintiffs allege that they are citizens of the State of Rhode Island and that the defendant, a common carrier engaged in the business of transporting passengers for hire, is a corporation organized under the laws of the State of Delaware, and that it is doing business in the State of Rhode Island through its agent, Eastern Air Lines, Inc.

Plaintiffs' complaint contains two counts. In Count I it is alleged that jurisdiction of this Court is founded on "diversity of citizenship and amount, 28 U.S.C.A. Section 1332"; that prior to and on December 14, 1960, the defendant was engaged in transporting passengers for hire by airplane from New York, New York to Los Angeles, California; that on or about December 5, 1960 the plaintiff Nicholas DelSesto and his wife, Caroleanne DelSesto, in Providence, in this District, purchased two tickets from the defendant for transportation from New York City to Los Angeles and return, and that the ticket issued to said wife provided for the transportation of the plaintiff David DelSesto, her minor child, and assured reasonable accommodations for him; that the plaintiffs and said Caroleanne DelSesto boarded defendant's designated airplane in New York City on or about December 14, 1960 for their transportation to Los Angeles.

Said Count then alleges that it thereupon became the duty of the defendant to provide suitable accommodations for the safe and comfortable transportation of the plaintiff David DelSesto; that it negligently failed to do so, as a result of which said plaintiff was exposed to extremely cold weather for a long period of time and became sick, etc., suffered great pain, was hospitalized and will suffer impairment of his health for a long period of time in the future.

In Count II the plaintiff Nicholas DelSesto, after realleging the allegations contained in Count I as to jurisdiction, as to the business of the defendant, the purchase of said tickets, etc., and the injuries to the said plaintiff David DelSesto, alleges that as a result of said injuries he, the said plaintiff Nicholas DelSesto, has been compelled to expend and will be compelled to expend large sums of money for medical, hospital and nursing services and for medicines in endeavoring to cure his said minor child, the plaintiff David DelSesto, of his injuries.

The complaint concludes with a demand by the plaintiffs for judgment in the sum of $25,000. and costs.

The record discloses that the plaintiffs caused service of the process issued on said complaint to be made upon Eastern Air Lines, Inc. (hereinafter called Eastern), as the agent of the defendant. This service was made in accordance with the provisions of Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon one Rene L. Burtner, the then manager of Eastern. At the time Eastern was unquestionably amenable to service of process in this District and service upon Burtner effectuated service on Eastern.

The defendant has moved to dismiss this action or in lieu thereof to quash the service of said process on the ground that it is not doing business in Rhode Island and is not subject to service of process within the State of Rhode Island or this District, and has not been properly served with process in this action.

Defendant has also moved to dismiss on the ground that if the plaintiffs have any claims against it such claims constitute separate claims of a particular plaintiff which cannot be aggregated for purposes of the amount in controversy requirement under 28 U.S.C.A. § 1332(a) and that it does not appear from the al-

legations of the complaint that the claim of either plaintiff separately is of the requisite amount under the provisions of 28 U.S.C.A. § 1332(a).

■ The extent of defendant's activities in Rhode Island before and at the time of said service of process, as revealed by affidavits in support of, and in opposition to defendant's motion may be summarized as follows: Defendant was listed in the Providence and vicinity telephone directory as "Trans World Air Lines, Inc., reservations-inf. Ga. 1–5182". A call to this number connected the person calling with the defendant's ticket office in Boston, Massachusetts. Defendant had agreements with practically all of the scheduled air carriers in the United States, including those in Rhode Island, which authorized such air carriers to issue tickets providing for transportation by defendant over its lines. Eastern was one of these carriers. It was authorized by the defendant to make binding contracts in its behalf for transportation on its lines. It determined the identity or suitability of a particular applicant for transportation by the defendant and collected the price of the ticket which evidenced the contract of transportation. It then deducted its commission on the sale of such ticket, as provided in its agreement, and remitted the balance of the selling price to the defendant. Defendant also authorized travel agents to sell transportation over its lines and had similar agreements with about twenty travel agents located in Rhode Island. On infrequent occasions defendant placed advertisements in newspapers in Rhode Island and arranged for "spot announcements" on a radio station located in Rhode Island to stimulate the sale of its travel services. In addition, on infrequent occasions, as it says, salaried personnel employed by it in its Boston, Massachusetts office would make calls on persons in Rhode Island.

On the other hand, the defendant did not actually render any transportation services to or from any point in Rhode Island. It did not maintain any bank account in Rhode Island, had no aircraft or other property in Rhode Island and had no personnel regularly assigned to duty therein.

In a diversity case such as this there are two preliminary questions of law which must first be resolved. The first of these is to be determined by the application of state law, the law of Rhode Island; the second, by the application of federal law. This rule is clearly stated in Pulson v. American Rolling Mill Co., 1948, 1 Cir., 170 F.2d 193, at page 194 where the court held:

"There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, § 8, cl. 3; Amend. 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation."

At the time of the institution of the instant action 2 Gen.Laws of Rhode Island, 1956, section 9–5–33, provided in pertinent part as follows:

"* * *—Every foreign corporation * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign

corporations * * * amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States."

From the plain language of this statute it will be seen that the legislature of Rhode Island has chosen to exercise jurisdiction over foreign corporations up to the constitutional limitation.

As formulated by the Supreme Court this constitutional limitation permits *in personam* jurisdiction to be obtained over a foreign corporation provided it has certain minimum contracts with the State of the forum so that the maintenance of the suit will not offend "traditional notions of fair play and substantial justice." In International Shoe Co. v. State of Washington et al., 1945, 326 U.S. 310, at page 316, 66 S.Ct. 154, at page 158, 90 L.Ed. 95, the Supreme Court said:

"* * * But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' (citing cases) * * *"

And, further, at page 319, 66 S.Ct. at page 160, the Supreme Court held:

"But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. * * *"

Here it is clear that there had been and was at the time of the service of process herein a continuous, substantial solicitation and transaction of business in Rhode Island by the defendant through its employees and agents, i. e., Eastern, other air carriers and travel agents located in Rhode Island with resultant benefits to the defendant. Moreover, the causes of action alleged in the instant suit may properly be said to have arisen out of contracts of transportation evidenced by the tickets sold by Eastern on behalf of the defendant. That the defendant had adequate notice of the filing of this action is established by its filing of the instant motion. And there is no showing that the defendant would be subjected to undue hardship or expense in defending this action in this forum. In my opinion the activities of the defendant in Rhode Island, as hereinbefore summarized, are such that the maintenance of this action against the defendant in this jurisdiction does not offend "traditional notions of fair play and substantial justice." Travelers Health Association v. Com. of Virginia ex rel. State Corp. Comm., 1950, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; International Shoe Co. v. State of Washington et al., supra; Scholnik v. National Airlines, 1955, 6 Cir., 219 F.2d 115.

■ Rule 4(d) (3) of the Federal Rules of Civil Procedure provides for the service of a summons upon a foreign corporation by delivering a copy of the summons and complaint to a managing agent of said corporation. From the activities hereinbefore summarized, it is clear that Eastern was a managing agent of the defendant in this state. Service of said summons upon Eastern effectuated valid service on the defendant under said Rule 4(d) (3) and this Court thereby acquired jurisdiction over the defendant. Scholnik v. National Air Lines, supra; Kenmore-Louis Theatre, Inc. v. Sack, 1961, D.C.Mass., 192 F.Supp. 711; Nash-Ringel, Inc. v. Amana Refrigeration, Inc., 1959, D.C.N.Y., 172 F.Supp. 524. The motion to dismiss for want of jurisdiction or, in lieu thereof, to quash service of process is denied.

■ As hereinbefore pointed out, Count I of the plaintiffs' complaint states a claim of the plaintiff David DelSesto for personal injuries, while Count II states a claim by his parent, the plaintiff Nicholas DelSesto, for consequential damages arising out of said alleged injuries to his minor child, the plaintiff David DelSesto. Each of these counts states a separate and distinct claim, one belonging to the minor child, the other to his parent.

It is well settled that where two or more plaintiffs having separate claims join in a single suit the amount of each such claim must be in the requisite jurisdictional amount to confer jurisdiction on a United States District Court. Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Niagara Fire Insurance Company v. Dyess Furniture Co., 1961, 5 Cir., 292 F.2d 232; Payne v. State Farm Mutual Automobile Insurance Co., 1959, 5 Cir., 266 F.2d 63; McCormick v. Labelle, 1960, D.C.Conn., 189 F.Supp. 453; Bell v. Mykytiuk, 1955, D.C.Pa., 135 F.Supp. 167; Mitchell v. Great American Indemnity Co., 1950, D.C.La., 87 F.Supp. 961; Barr v. Rhodes, 1940, D.C. W.D.Ky., 35 F.Supp. 223.

In Clark v. Paul Gray, Inc., supra, the rule is stated at page 589 of 306 U.S., at page 748 of 59 S.Ct. to be as follows:

"It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisictional requirements. (citing authorities)."

Since the claims of the plaintiffs herein are separate and it does not appear that the amount of each of said claims is of the requisite amount prescribed by 28 U.S.C.A. § 1332(a), I am of the opinion that the general allegation of jurisdiction is insufficient to confer jurisdiction upon this Court.

The motion to dismiss because the complaint fails to allege that each of the claims asserted therein is for the requisite jurisdictional amount is granted without prejudice to the right of the plaintiffs, or either of them, to file an amended complaint within 10 days from the date hereof, if they, or either of them, shall desire to do so.