David V. NEVILLE, Bernard Marciniak, James L. Barron, Edward F. Lovejoy, and Joseph T. Halleckson, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

The DELTA INSURANCE COMPANY, Ltd., a British Commonwealth corporation, Defendant.

No. 3–68–Civ–235.

United States District Court
D. Minnesota,
Third Division.

Nov. 14, 1968.

**346**

Clarance E. Hagglund, Hagglund & Johnson, Minneapolis, Minn., for plaintiffs.

Walter Richey, Henson & Webb, Minneapolis, Minn., for defendant.

---

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The named plaintiffs in this action, and the members of the class whom they seek to represent, were policy holders of North Central Fire and Casualty Company, a West Virginia corporation. In this, their action to recover the unearned portion of paid premiums allegedly due them upon untimely cancellation of their respective policies, the defendant has moved to dismiss the complaint on the ground that, inter alia, the amount in controversy is less than $10,000, and therefore this court is without jurisdiction over the subject matter of the complaint.*

As ground for jurisdiction, the plaintiffs have pleaded the existence of diverse citizenship with particular reference to 28 U.S.C.A. § 1332 which reads in relevant part:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and is between—

" *      *      *      *      *      *

"(2) citizens of a State, and foreign states or citizens or subjects thereof * * *."

In class actions such as this one under Federal Rule of Civil Procedure 23, only the citizenship of the named parties is pertinent for diversity purposes. See, C. Wright, Federal Courts, Sec. 29 (1963); 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 569 (1961); 32 Am.Jur.2d, Federal Practice and Procedure, Sec. 93 (1968). Because of the disposition that we make of this case we will assume, although it is not clearly alleged, that the state citizenship of the named plaintiffs is common, and that

---

* As an alternative ground for dismissal, defendant claims that it has not been served effectively with the summons and complaint. Because of our determination as to subject matter jurisdiction, the matter of personal jurisdiction will not be reached.

therefore, because the defendant is a British corporation, the requisite diversity is present.

Most central to this discussion, however, is the jurisdictional requirement that the amount in controversy exceed $10,000. Serious hesitation arises from the fact that the claim of so single plaintiff is as much as $10,000, although when totalled the claims amount to over $76,000.

The alleged losses occurred when the defendant, pursuant to a Quota Share Reinsurance Agreement, assumed certain obligations of the plaintiffs' insurer, North Central Fire and Casualty Company. Shortly thereafter, defendant notified plaintiffs that their respective policies were cancelled. Allegedly, defendant has refused to refund premiums paid but unearned at the time of cancellation. The premium refunds claimed are the damages sought.

Plaintiffs argue that members of a class may in a case like the present, aggregate their claims so as to achieve the $10,000 jurisdictional threshold.

■ Cases abound in support of the general principle that:

> when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817 (1916).

See also, Fuller v. Volk, 351 F.2d 323 (3d Cir. 1965); Hedberg v. State Farm Mut. Auto Ins. Co., 350 F.2d 924, 930–931 (8th Cir. 1965); Sterling Construction Co. v. Humboldt Nat'l. Bank, 345 F.2d 994, 997 (10th Cir. 1965); Niagara Fire Ins. Co. v. Dyees Furniture Co., 292 F.2d 232, 233 (5th Cir. 1961); 1 Moore's Federal Practice, ¶ 0.97[3]; 1 Barron & Holtzoff, supra, § 24 (1960); 32 Am.

Jur.2d, Federal Practice and Procedure § 137 (1968); C. Wright, supra, § 36. Such a dichotomy applies as well to class actions. See, e. g., Vinc v. Beneficial Finance Co., 252 F.Supp. 212 (S.D.N.Y. 1966) aff'd in part, rev'd in part 374 F.2d 627 (2d Cir. 1967), cert. denied 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460; 3A Moore's ¶ 23.13.

Generally the division of cases which resulted from the application of the *Pinel* doctrine in class actions coincided with the division made under old Rule 23 between true and spurious class actions. The terminology of the latter division was frequently superimposed upon the main rule of aggregation of plaintiffs' claims. Thus, where the plaintiffs were found to constitute a true class, aggregation was permitted; it was not permitted, however, where the class was found to be spurious. This convenient coincidence of result hardened into a rule governing the aggregation of claims in class actions cast on the pivotal terms of "true" and "spurious." See, e. g., Troup v. McCart, 238 F.2d 289 (5th Cir. 1957); Vine v. Beneficial Finance Co., supra. However, when in 1966 Rule 23 was amended to abolish the true-spurious distinction, the verbal guideposts were lost, and some uncertainty and confusion settled on the subject of aggregation of claims. Thus, for example, in Booth v. General Dynamics Corp., 264 F.Supp. 465 (N.D.Ill.1967), the court, although it reached a decision harmonious with the *Pinel* rule, reasoned that the amendment of Rule 23 created new standards for determining when members of a class may aggregate their claims. And at least one scholar has suggested that under the new rule, plaintiffs who form a valid class should always be allowed to total their claims for jurisdictional purposes. 2 Barron & Holtzoff, supra, § 569 (Supp. 1967).

■ Whatever may be the wisdom of such a suggested modification, recent authority has recognized the continuing vitality of the *Pinel* doctrine in class ac-

**348**

tions. Thus in 1967 it was said that new Rule 23,

> "does not abrogate the well settled principle that separate and distinct claims may not be aggregated to make the jurisdictional amount even in a class action." Alvarez v. Pan American Life Ins. Co., 375 F.2d 992, 993 (5th Cir. 1967); cert. denied 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82 (1967).

The validity of the *Alvarez* reasoning was supported by dicta in Dixon v. Northwestern Nat'l Bank of Minneapolis, 276 F.Supp. 96, 99 (D.Minn.1967); and in De Lorenzo v. Federal Deposit Ins. Corp., 259 F.Supp. 193, 196 (S.D.N.Y.1966).

A thorough opinion in Snyder v. Harris, 268 F.Supp. 701 (E.D.Mo.1967), aff'd. 390 F.2d 204 (8th Cir. 1968), held that:

> "Rule 23, as amended, contains nothing to indicate that it has now become something more than a procedural device to permit plaintiffs to unite in a single suit. The rule in no way purports to affect the jurisdiction of this court, nor do the Notes of the Advisory Committee on Rules indicate that the rule is to have such an effect. There is no reason why the *Pinel* doctrine should suddenly become obsolete with the passage of the amended Rule 23, unless the new rule somehow changes the character of the plaintiff's right." 268 F.Supp. at 704.

The court concluded that the Advisory Committee Notes, particularly the comment that in class actions under new section (b) (3), the individual interests of the plaintiffs will be respected, indicated that no change in the rule of aggregation of claims was intended. See, 28 U.S.C.A. Rule 23 (Supp. p. 71, 1967). It was further noted that the spirit of Rule 82 to the effect that the rules "shall not be construed to extend * * * the jurisdiction of the United States district courts * * *" militated against a sub silentio abolition of the *Pinel* doctrine.

Therefore we must consider whether the interests of the plaintiffs in this suit are joint or separate. In Troup v. McCart, 238 F.2d 289 (5th Cir. 1957), it was held that in a class action by policy holders claiming interests in a fund held by defendant insurer, the plaintiffs' interests were separate and distinct being derived from individual contracts. Many cases have similarly held that the separate contractual interests of policy holders in suits against their common insurer prevent the aggregation of claims. See, e. g. Matlaw Corp. v. War Damage Corp., 164 F.2d 281 (7th Cir. 1947), cert. denied 333 U.S. 863, 68 S.Ct. 744, 92 L.Ed. 1142; Andrews v. Equitable Life Assur. Soc. of U. S., 124 F.2d 788 (7th Cir. 1941), cert. denied 316 U.S. 682, 62 S.Ct. 1270, 86 L.Ed. 1755; Robbins v. Western Auto Ins. Co., 4 F.2d 249 (7th Cir. 1924). This line of cases was interpreted in Alvarez v. Pan American Life Ins. Co., supra, as standing,

> "for the proposition that rights due under an insurance contract are those of debtor and creditor, and are several and distinct from claims which other contract holders may have against the same insurance company. The claims of the separate contract holders are not related to or dependent upon each other." 375 F.2d at 993–994.

So far as can be found this rule is without contradiction.

Moreover, such a rule is consonant with the statement in Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942):

> "In a diversity litigation the value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation."

If, in the present case, the plaintiffs' suit were successful, the "pecuniary consequences" to each plaintiff would be a function of the premium individually paid on his own particular contract of

insurance. The monies sought do not represent a single fund held jointly and in common by the various plaintiffs. If indeed a fund may be said to exist, it represents only a sum of a list of various amounts which parties to various contracts claim is owed them. It is no matter that the variety of debts may have grown out of a single act of defendant. Eagle Star Ins. Co. v. Maltes, 313 F.2d 778 (5th Cir. 1963); Del Sesto v. Trans World Airlines, Inc., 201 F.Supp. 879 (D.R.I.1962).

We find that the alleged rights of the various plaintiffs herein are separate and distinct, and that the plaintiffs may not accumulate them in order to reach a total of $10,000. Because it appears that no single claim of any plaintiff meets the required jurisdictional amount, this court is without jurisdiction. Therefore, as to all plaintiffs, the complaint must be

Dismissed.