Stanley **SHERMAN**, Plaintiff,

v.

**H & R BLOCK, INC.**, Defendant.

Civ. A. No. 72–793.

United States District Court,
E. D. Pennsylvania.

March 12, 1973.

Mitchell A. Kramer, Philadelphia, Pa., for plaintiff.

David P. Bruton, Philadelphia, Pa., for defendant.

OPINION

DITTER, District Judge.

This matter is now before the court for determination of defendant's motion to dismiss [1] a class action on the ground that plaintiff has not alleged the $10,000. damages required to maintain a federal diversity suit. For the reasons set forth below, the defendant's motion to dismiss will be granted.

Stanley Sherman is a citizen of the Commonwealth of Pennsylvania. H & R Block, Inc., is a corporation which has its principal place of business in the State of Missouri. Plaintiff brought this action on his own behalf and on behalf of all other persons, similarly situated, who utilized Block's services for the preparation of Federal Income Tax returns for the years 1969 and 1970 and who relied on Block's promise that all information given Block would be treated as confidential.

Plaintiff maintains that this matter can be brought as a class action under 23(b)(3) [2] of the Federal Rules of Civil Procedure. I need not decide that issue,[3] for plaintiff has failed to clear the initial obstacle of the jurisdictional amount in controversy.

In Nelson v. Keefer, 451 F.2d 289 (3rd Cir. 1971), and Jaconski v. Avisium Corp., 359 F.2d 931 (3rd Cir. 1966), the Court of Appeals for the Third Circuit directed its trial courts to scrutinize cases prior to trial in diversity actions to determine whether the amount in controversy fails to satisfy the $10,000. re-

---

1. There are also motions pending for Class Action Determination and to compel answers to interrogatories. The nature of my decision on the present motion renders these other motions moot.

2. In his complaint, plaintiff also alleged that this could be maintained as a class action under 23(b)(1)(B), however he has failed to brief this issue. Indeed, if he had pressed this point I would have found against him. 23(b)(1)(B) is inapplicable when, as here, the factual setting and claim of each alleged class member is separate and independent from that of any other member.

3. It is interesting to note that had this action been allowed to proceed as a class action, under the rules of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1939) and Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941), this court would have been called upon to apply the statutory and case law of 50 states and at least five foreign countries to determine the validity of the claims of members of the alleged class. Additionally, there would have been a serious question as to whether a class containing 8 to 14 million people is manageable.

quirement to "a legal certainty." See also Houck v. Travelers Insurance Company, Civil Action No. 72–1753 (E.D. Pa., filed Feb. 23, 1973). Plaintiff does not allege that *his* claim or the claim of any member of the purported class, meets the $10,000. requirement of 28 U. S.C. § 1332. In fact, he concedes that any damages suffered by individual members of the class are small. (Paragraph 7(a) of Complaint.) Plaintiff contends, however, that the total damages for all members of the class exceed the jurisdictional requirement. Thus, this suit can be maintained if and only if the law permits the separate claims of all the members of the alleged class to be combined.

In Snyder v. Harris, 394 U.S. 322, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Supreme Court held that the present Rule 23 of the F.R.C.P. (adopted in 1966) did not alter the long established doctrine, enunciated as early as 1916,[4] that separate and distinct claims cannot be aggregated. The Third Circuit has most recently recognized the rule prohibiting aggregation of separate and distinct claims in Hackett v. General Host Corp., 455 F.2d 618, 622 (3rd Cir. 1972).[5] Therefore, the ultimate issue in this case is whether the claim asserted by plaintiff is a joint, common and undivided right of the class as a whole, or whether it is a "separate and distinct right" which can be asserted by individual members of the class.

Plaintiff attempts to characterize this case as involving joint and undivided claims to a fund. If his theory is correct, it would be the value of the fund, rather than the ultimate sum to be distributed to any individual member, which would determine the jurisdictional amount involved. In support of this theory, plaintiff relies on Berman v. Narragansett Racing Assoc., 414 F.2d 311 (1st Cir. 1969). There, a class action was brought on behalf of horse owners who had won purses at defendant's race tracks. The purse agreement between the track and the owners provided that the track would pay a percentage of its share to the *group* of owners whose horses had won prizes. The suit was to recover the owners' share of the "breakage," the odd cents remaining after winning tickets were paid to the next lowest dime, a sum which for thirty years had been split between the track and the state. In permitting aggregation, the court stated:

> [T]he interest of the group of purse winners in the asserted right is common and undivided . . . No contractual rights are created between the defendants and individual purse winners, and plaintiffs make no specific claims for individual payment. 414 F.2d at 315 (footnotes omitted).

The track had no liability to individuals; only to the owners as a group.

In the instant case Sherman's claim is for damages he contends he suffered as a result of the alleged wrongful release of confidential information by the defendant. This claim is distinct from any claim that might be asserted by any other customer of Block. Each customer has entered into a *separate* relationship with the defendant, and any liability that exists would be on an individual basis. For this reason *Berman* is not controlling.[6] Whether Block breached its representations as to confidentiality must be governed by comparing each alleged disclosure with the specific contract between Block and each of its customers. In a like way, the nature and extent of any alleged damages must de-

---

4. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916).

5. In the recent case of Zahn v. International Paper Co., 469 F.2d 1033 (2nd Cir. 1972) the Second Circuit went even farther, in holding that Snyder required that "*each* class member in a spurious class action must independently satisfy the requirement as to jurisdictional amount." *Id.* at 1034. (emphasis added)

6. See Houck v. Travelers Insurance Co., supra, and Weiss v. Sunasco, 316 F.Supp. 1197 (E.D.Pa.1970), wherein *Berman* is also distinguished.

pend upon the particular circumstances of the individuals involved. It follows that the claims may not be aggregated and the complaint must be dismissed.

One more thing must be said. The information allegedly disclosed by Block concerned its customers' names and addresses, segregated into groups by the amount of gross income. This data was then apparently used for sale to businesses engaged in direct mail solicitations. Obviously, to each individual the damage was minimal and was known to be minimal when suit was started. Similar actions were instituted in California, Massachusetts, and North Carolina as well as before the Federal Trade Commission.

Since the 1966 amendments, F.R. 23 and 23(b)(3) in particular have been used more and more frequently as a device to solicit litigation and as a means for an attorney to achieve his "pot of gold." The number of class action complaints filed has soared, and the original object of the rule—judicial economy—

seems to have been forgotten. As stated by Chief Judge Lumbard in his dissent to Eisen v. Carlisle & Jacquelin, 391 F. 2d 555, 571 (2nd Cir. 1968) "the only persons to gain from a class suit are not potential plaintiffs, but the attorneys who represent them." See also Cotchett v. Avis Rent A Car System, Inc., 56 F. R.D. 549, 554 (S.D.N.Y.1972). It is the responsibility of the trial judge to closely scrutinize the complaint so as to insure that the use of class actions in the Federal Courts will not be abused. In this way the goal of fostering economy by consolidating numerous actions that would have been brought individually will be achieved.

The plaintiff has not established that the claims of members of the class are common, joint or undivided, and therefore, aggregation of the claims of members of the class will not be permitted. As plaintiff's individual claim does not meet the $10,000. jurisdictional minimum, defendant's motion to dismiss must be granted.