**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1057

DANIEL W. MILES, ET AL.,

Plaintiffs, Appellants,

v.

W. JOHN FUNK, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. James R. Muirhead, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Daniel W. Miles and H. George Hamacher on brief pro se.
Russell F. Hilliard and Upton & Hatfield, LLP on brief for appellees.

January 15, 2008

**Per Curiam**.  Plaintiffs-appellants Daniel W. Miles and George Hamacher appeal *pro se* from the district court's grant of summary judgment dismissing their federal claim pursuant to 42 U.S.C. § 1983 for failure to make the requisite showing that the alleged deprivation of constitutional rights was committed under color of state law, and dismissing their state law claims without prejudice for lack of subject matter jurisdiction based on their failure to demonstrate the requisite amount in controversy to support diversity jurisdiction.[1]

"'We review a district court's grant of summary judgment *de novo*, viewing the facts in the light most favorable to the nonmovant.' Summary judgment is warranted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'  'We may affirm a summary judgment decision on any basis apparent in the record.'" Perry v. Wolaver, 506 F.3d 48, 53 (1st Cir. 2007) (citations omitted).

I. Dismissal of Section 1983 Claim: State Action

Appellants rely upon the following alleged conduct to establish state action: "the state court's actions, enforcing Appellees' Settlement offer and appointing a Commissioner to sign

---

[1]  Although one of the state law claims (Count XII) was dismissed with prejudice for failure to state a claim, appellants do not specifically challenged that ruling in their briefs.

the Settlement offer and to execute a deed to [Clarice Neumann's] real estate . . . , which clearly provided Appellees with color of state action justifying federal jurisdiction." Appellants' Brief at 10.

> There are two components to the "state action" requirement:
> "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . .
> Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo, 988 F.2d 252, 258 (1st Cir. 1993) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Appellants claim that their deprivation was caused by the appellees' use of state court to enforce an allegedly unconstitutional settlement agreement. However, we have said that "something more than resort to state court is required to transform the moving party into 'a co-conspirator or a joint actor with the judge.'" Id. at 259. Appellants did not allege that the procedure for enforcement of settlement agreements under New Hampshire state law is unconstitutional. Allegations of private misuse of state procedures is not enough. See Gonzales-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000). Appellants' reliance

-3-

upon <u>Edmonson</u> v. <u>Leesville Concrete Co., Inc.</u>, 500 U.S. 614 (1991), which held that the exercise of peremptory challenges by a private litigant in a civil case constituted "state action," is misplaced. The Court specifically stated there that "private use of state-sanctioned private remedies or procedures does not rise, by itself, to the level of state action." <u>Id.</u> at 622.

For essentially the reasons stated by the district court in its May 30, 2006 Order, we agree that there are no genuine issues as to any material fact with respect to the "state action" requirement and that defendants are entitled to summary judgment as a matter of law on Count I of the complaint (§ 1983 claim).

II. <u>Dismissal of State Law Claims: Amount in Controversy</u>

"We review de novo the district court's dismissal for lack of subject matter jurisdiction." <u>Spielman</u> v. <u>Genzyme Corp.</u>, 251 F.3d 1, 4 (1st Cir. 2001). Appellants, "as the part[ies] seeking to invoke jurisdiction . . . ha[ve] the burden of showing that [they] ha[ve] met the statutory requirements." <u>Id.</u> Where, as in this case, the "amount in controversy" allegation is questioned, "'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" <u>Id.</u> at 5.

Appellants' brief challenges the district court's "amount in controversy" ruling on the grounds that 1) the plaintiffs'

response to interrogatories identified the amount of damages that the parties to the state court suit expected "would accrue to the interest of the Association (VWTOA)" as $1,496,000, plus attorneys' fees, and 2) the district court failed to recognize that "Appellants' 'rights and recoveries' in the state court litigation were a common, single and undivided claim." Appellants' Brief at 14.

"Courts have repeatedly held that the value of the matter in controversy is measured . . . by the [potential] judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). In the present action, only the three individual plaintiffs were "involved in the litigation." As the district court noted, "[t]he instant action was not brought as a class action or as a derivative action. The . . . plaintiffs do not allege any basis in the Complaint for finding that they have standing to recover damages on behalf of anyone other than themselves." District Court Order, 7/20/06, Dkt No. 56, p. 6.

Nor was the state court action a class action or derivative action. The Bill in Equity was specifically amended to clarify that there was only one petitioner: Clarice Neumann. A subsequent motion by Attorney Ramsdell to amend the Bill in Equity to assert claims derivatively on behalf of the Village of Winnipesaukee Timeshare Owners Association (VWTOA) members was

denied by the Superior Court. See id., p. 16.  Therefore, plaintiffs' reliance upon amounts that allegedly could have been recovered on their behalf in the state court action is unfounded.

Appellants rely upon the principle that "when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." Pinel v. Pinel, 240 U.S. 594, 596 (1916); see 15 James Wm. Moore, Moore's Federal Practice § 102.108[3][b] (3d ed.) ("aggregation of damages allegedly owed to separate plaintiffs may be permitted in the limited situation in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest").  However, even if such aggregation were permitted here, it would not excuse the plaintiffs from the need to identify their individual pecuniary interests which they seek to aggregate.  They have not done so.

For the above reasons, and those stated by the district court in its Order dated July 20, 2006, we conclude that the plaintiffs failed to allege "with sufficient particularity facts indicating that it is not a legal certainty" that the state law claims involve less than the jurisdictional amount. Spielman, 251 F.3d at 5.

The district court's grant of summary judgment dismissing Counts I and XII of the complaint with prejudice and dismissing

Counts II - XI of the complaint without prejudice for lack of subject matter jurisdiction is <u>affirmed</u>.