**W. J. ABBOTT & COMPANY, Inc.**
**v.**
**SECURITIES AND EXCHANGE COMMISSION.**

**SECURITIES AND EXCHANGE COMMISSION**
**v.**
**W. J. ABBOTT & COMPANY, Inc.**

**Misc. Nos. 4370, 4391.**

United States District Court
W. D. Pennsylvania.

Dec. 6, 1967.

James McLaughlin, Pittsburgh, Pa., for W. J. Abbott & Co., Inc.

Herbert Milstein, S. E. C., Washington, D. C., for Securities and Exchange Commission.

## OPINION

ROSENBERG, District Judge.

The motion to quash subpoena presented by W. J. Abbott & Company (hereinafter referred to as Abbott Company), plaintiff at Miscellaneous No. 4370 has been consolidated with the application by the Securities and Exchange Commission (hereinafter referred to as the S. E. C.), for the enforcement of subpoena at Miscellaneous No. 4391 for the reason that both matters concern the same set of facts and relate to the same subpoena.

On June 1, 1967 the S. E. C., pursuant to the provisions of § 20(a) of the Securities Act, 15 U.S.C. § 77t(a) and § 21 (a) of the Exchange Act, 15 U.S.C. § 78u (a), and in order to determine whether certain persons had violated or were about to violate the Securities Act or the Exchange Act, issued an order directing a private investigation entitled in the Matter of W. J. Abbott & Company, Inc., William J. Abbott and Frank J. Rolek and designating officers to take testimony.

Acting pursuant to this order of investigation, a subpoena duces tecum was served on Abbott Company on July 17, 1967, directing it to appear on August 1, 1967, to testify, and to produce "All the books and records of W. J. Abbott & Co. relating to managed accounts involving the purchase and sales of commodities and commodity futures, including but not limited to the following: general ledgers, journals, cancelled checks, check stubs, monthly bank statements, trading account agreements, trading authorizations, correspondence and memoranda, in your possession in or under your control from the period of January 1, 1965 to date."

On August 1, 1967, a representative of Abbott Company appeared, but refused, upon advice of counsel, to produce the books and records which had been subpoenaed. The Abbott Company plaintiff moved to quash the subpoena; the S. E. C. moved to enforce its subpoena by application to the District Court.

Abbott Company contends: The S. E. C. has no statutory jurisdiction over the Abbott Company and has no statutory right to examine its books and records; the corporation, which does business from its offices on McKnight Road in Pittsburgh, Pennsylvania, is not engaged in the business of selling securities, and has not engaged in the sale of securities, during the period from January 1, 1965 to date; the corporation is engaged in the business of trading commodity futures, the regulation of which is vested in the Department of Agriculture of the United States and the Commodity Exchange Authority of the Department of Agriculture; the corporation is not a registered broker-dealer and is not in any other capacity registered with the S. E. C., nor is it by law obligated to be so registered; and, the subpoena is invalid unless and until the S. E. C. makes a prima facie showing that the corporation's business activities fall within the purview of the Securities and Exchange Commssion Acts of 1933 or 1934.

The question raised, then, is whether or not the regulation, pursuant to statute, of commodity brokers by the

Department of Agriculture precludes another agency, the Securities and Exchange Commission, from pursuing investigations into possible violations of the statutes and areas over which Congress has given the S. E. C. regulatory administrative control. The question must be answered in the negative.

Congress has empowered the Securities and Exchange Commission to "provide full and fair disclosure of the character of securities sold in interstate ,and foreign commerce and through the mails, and to prevent fraud in the sale thereof, and for other purposes." Preamble Securities Act of 1933, 15 U.S.C. § 77a et seq.

In carrying out the purposes of this statute, Congress gave the S. E. C. wide investigatory powers so that the Commission could determine the areas of its own jurisdiction. Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a) [1] and Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a) [2] provide the Commission with its power to investigate possible violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. The subpoena powers of the Securities and Exchange Commission are provided in Section 19(b) of the Securities Act, 15 U.S.C. § 77s(b) [3] and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u (b) [4].

In support of its argument that the Commodity Exchange Authority, a division of the Department of Agriculture, and the Department of Justice, share exclusive jurisdiction over commodity brokers, and preclude investigation by the S. E. C., Abbott Company relies upon § 6 of the Commodity Exchange Act, 7 U.S.C.

[1]. 15 U.S.C. § 77t(a) provides: "Whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of this subchapter, or of any rule of regulation prescribed under authority thereof, have been or are about to be violated, it may, in its discretion, either require or permit such person to file with it a statement in writing, under oath, or otherwise, as to all the facts and circumstances concerning the subject matter which it believes to be in the public interest to investigate, and may investigate such facts."

[2]. 15 U.S.C. § 78u(a) provides: "The Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated or is about to violate any provision of this chapter or any rule or regulation thereunder, and may require or permit any person to file with it a statement in writing, under oath or otherwise as the Commission shall determine, as to all the facts and circumstances concerning the matter to be investigated. The Commission is authorized, in its discretion, to publish information concerning any such violations, and to investigate any facts, conditions, practices, or matters which it may deem necessary or proper to aid in the enforcement of the provisions of this chapter, in the prescribing of rules and regulations thereunder, or in securing information to serve as a basis for recommending further legislation concerning the matters to which this title relates."

[3]. 15 U.S.C. § 77s(b) provides: "For the purpose of all investigations which, in the opinion of the Commission, are necessary and proper for the enforcement of this subchapter, any member of the Commission or any officer or officers designated by it are empowered to administer oaths and affirmations, subpoena witnesses, take evidence, and require the production of any books, papers, or other documents which the Commission deems relevant or material to the inquiry. Such attendance of witnesses and the production of such documentary evidence may be required from any place in the United States or any Territory at any designated place of hearing."

[4]. 15 U.S.C. § 78u(b) provides: "For the purpose of any such investigation, or any other proceeding under this chapter, any member of the Commission or any officer designated by it is empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records which the Commission deems relevant or material to the inquiry. Such attendance of witnesses and the production of any such records may be required from any place in the United States of any State at any designated place of hearing."

§ 1 et seq. and regulations thereunder, specifically 17 CFR 1.31 and 1.37 [5].

The Commodity Exchange Act and the regulations promulgated under the Act by the Secretary of Agriculture make the books and records of the commodity broker available for inspection by representatives of the Department of Agriculture and the Department of Justice without subpoena. While Abbott Company offers the exclusion of other agency jurisdiction because of the grant of jurisdiction by Congress in the Commodity Exchange Authority as a division of the Department of Agriculture and Department of Justice, its contention becomes only an argument because it is nowhere contained as a provision in any Act of Congress. Nor has counsel for Abbott Company presented any judicial authority to support the contention that the provisions relied upon are intended to give exclusive authority for the supervision of the commodity broker to the Departments of Agriculture and Justice. The hearings before the Committee of Agriculture of the United States Congress (House of Representatives 24th Congress, 1st Sess. H.R. 3009, page 100) indicate that the purpose of the section was to allow to representatives of the Agriculture and Justice Departments easy access to the books and records of brokers, but not exclusive access to the books and records of brokers.

There are numerous examples of businesses which are regulated by two or more regulatory agencies. For example, airlines are, in general, regulated by the Civil Aeronautics Board. However, the public sales of securities by airline companies are regulated by the S. E. C. Therefore, while the S. E. C. does not regularly inspect the books and records of commodity brokers as it does in the case of directly regulated entities such as registered brokers or industrial companies, it does have the right, under the Act which it administers, to reach by investigative subpoena the books and records of the commodity broker when that broker's activities indicate possible violations of Federal securities laws.

Registration as a broker-dealer with the S. E. C. is not a prerequisite for violating securities laws. There are numerous instances where courts have enforced investigative subpoenas issued by the S. E. C. where neither the subpoenas or the investigations were directed against brokers-dealers. Securities and Exchange Commission v. Vacuum Can Company, 157 F.2d 530, C.A. 3, 1946; Consolidated Mines of California v. Securities and Exchange Commission, 97 F.2d 704, C.A. 9, 1946. Commodity brokers, too, have been involved in cases dealing with possible violations of the Federal securities laws. Securities and Exchange Commission v. Commodity Brokerage Company, Inc. et al., Civil Action 67–105 (W.D.Pa.); Securities and Exchange Commission v. Wickham, 12 F.Supp. 245 (D.C.Minn., 1935).

---

5. 17 C.F.R. 1.31 provides: "All books and records required to be kept by the act or by these rules and regulations shall be kept for a period of five years from the date thereof and shall be readily accessible during the first two years of such period. During the last two years of such period, the person required to keep books and records may at his option substitute photographic reproductions thereof on film, together with facilities for the projection of such film in a manner which will permit it to be readily inspected or examined. All such books, records, and photographic reproductions shall be open to inspection by any representative of the United States Department of Agriculture of the United States Department of Justice."

17 C.F.R. 1.37 provides: "Each futures commission merchant and each member of a contract market shall keep a record in permanent form which shall show for each commodity futures account carried by him the true name and address of the person for whom such account is carried and the principal occupation or business of such person as well as the name of any other person guaranteeing such account or exercising any trading control with respect to such account. Such record shall be open to inspection by any authorized representative of the Commodity Exchange Authority."

For the reasons stated, it must be concluded that the regulation of commodity brokers by the Department of Agriculture does not exclude any other agency, in this instance the S. E. C., from exercising investigative powers granted to it by Congress in areas and activities specifically designated to such other agency by statutory authority.

The application for enforcement of the subpoena will be granted and the motion to quash the subpoena will be denied.