**Ben BERMAN, Plaintiff,**

v.

**ORIMEX TRADING, INC., Defendant.**

**No. 67 Civ. 3978.**

United States District Court
S. D. New York.
July 24, 1968.

Irving Younger, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant; Walter E. Rutherford, William F. Faison, II, New York City, of counsel.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Motion by defendant to dismiss for lack of subject matter jurisdiction.

The complaint alleges in essence that plaintiff Berman opened a "discretionary account" with defendant Orimex for the purpose of trading in cocoa futures. Ac-

cording to the complaint, Berman entrusted Orimex with monies which Orimex was to invest as it saw fit in cocoa futures on the New York Cocoa Exchange. It is alleged that Orimex represented to Berman that it was especially knowledgeable and skilled in the business of speculating in cocoa futures, and that it could make a profit for him. The complaint goes on to assert that Orimex failed to fulfil the terms of its agreement to Berman's damage, all of which is said to be in violation of the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa.

■ The Orimex motion to dismiss centers about its contention that dealings in cocoa futures contracts are not within the ambit of the 1933 Act. In support of this proposition it cites Sinva, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 253 F.Supp. 359 (S.D.N.Y.1965), where I held that sugar futures contracts are not "securities" as that term is used in the 1933 Act, a ruling which I agree is applicable to cocoa futures contracts as well. But the fact that cocoa futures contracts may not themselves be securities is not dispositive of this motion.

■ Berman has alleged, in essence, that he entrusted money to defendant upon the express representation that Orimex would use its superior investment judgment to make a profit. According to the complaint, investment decisions were to be made by Orimex. While Orimex disputes this, the allegation must be accepted as true on a motion to dismiss under Rule 12(b) (1), F.R.Civ.P., particularly in the absence of a written agreement defining the relationship between Berman and Orimex. The affidavits submitted on this motion are in sharp dispute as to the terms of the agreement between the parties.

Plaintiff takes the position that this so-called "discretionary account" constitutes an investment contract under the terms of the 1933 Act, and points to the decision in Maheu v. Reynolds & Co., 282 F.Supp. 423 (S.D.N.Y. Dec. 22, 1967). In Maheu, Judge Bonsal held that a similar arrangement to invest in commodity futures contracts constituted an investment contract.

■ I agree with Judge Bonsal's conclusion. In Securities and Exchange Commission v. W. J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), the Supreme Court defined an investment contract to include any scheme or arrangement where a person is induced to invest his money in a common enterprise on the representation that profits will result solely from the efforts of the promoter or a third party. That test is satisfied here by the allegation that Orimex would make all investment decisions with respect to Berman's account, and by its alleged representation that it could make a profit for him. The fact that the cocoa futures contracts which lay behind the arrangement are not themselves securities does not affect the conclusion that the discretionary account here constituted an investment contract. See Securities and Exchange Commission v. C. M. Joiner Leasing Corp., 320 U.S. 344, 352 & n. 10, 64 S.Ct. 120, 88 L.Ed. 88 (1943). Nor is it significant that the fees Orimex anticipated it would receive from the account were not dependent upon whether the transactions entered into on Berman's behalf were profitable or not, since in both Howey, supra, and Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967), there is no indication that the remuneration to be received by the promoters of the schemes were in any way dependent upon the profitability of the underlying enterprises.

■ Thus, I conclude that the allegations of the complaint as to the nature of the arrangement between Orimex and Berman are sufficient to establish jurisdiction under the Securities Act of 1933. Defendant's motion to dismiss must be denied at this time.

It is so ordered.