Robert W. GOULD et al.

v.

BARNES BROKERAGE CO., Inc.

Civ. A. No. 3-5362.

United States District Court,
N. D. Texas,
Dallas Division.

June 23, 1972.

Duncan E. Boeckmen, Dallas, Tex., for plaintiffs.

Wayne Pearson, Dallas, Tex., for defendant.

## OPINION AND ORDER

ROBERT M. HILL, District Judge.

Plaintiffs have brought this suit under the Commodity Exchange Act, 7 U.S.C. § 6b, for fraud in the sale of commodities. The defendant has moved to dismiss for lack of jurisdiction. The motion is overruled.

Plaintiffs allege that an agent of defendant contacted each of them during the months of July and August of 1971, and solicited accounts from each of them for the purpose of trading in contract futures for frozen orange juice concentrate. Plaintiffs allege that the agent represented that he was an expert in this area, that the maximum amount each plaintiff could lose in trading was one third of his investment, and that substantial profits could be made trading in commodity futures on a low risk basis. Plaintiff Welch invested $3,000.-00 in an account with defendant; Gould, Johnson, and Collins each invested $1,500.00. Each plaintiff lost his entire investment and sues for recovery of that investment.

The complaint alleges only that the suit is brought under § 6b of the Commodity Exchange Act; no specific jurisdictional statute is specified. Defendant contends that jurisdiction is controlled by the general federal question statute, 28 U.S.C.A. § 1331, which requires damages in excess of $10,000.00

be alleged.[1] If jurisdiction must be predicated on § 1331 then this case must be dismissed, for damages in excess of $10,000.00 have not been alleged. The issue thus arises whether jurisdiction may be predicated on a statute other than § 1331.

### Trade and Commerce

■ Section 1337 of Title 28 provides

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

This section has been construed to provide jurisdiction in many types of cases.[2] It has been construed to support jurisdiction of cases brought under both the Agricultural Adjustment Act,[3] 7 U.S.C. § 1281 et seq., and the Soil Bank Act,[4] 7 U.S.C. § 1801 et seq. Though there are no cases in point, the court concludes that jurisdiction under the Commodity Exchange Act may also be predicated on § 1337.

### The Securities Acts

■ Portions of the Securities Act of 1933 and the Securities Exchange Act of 1934 provide investors the right to institute actions for fraudulent dealings in connection with securities. Included in the definition of securities are investment contracts. An investment contract is defined as a contract, transaction or scheme where a person is induced to invest his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party.[5] Though a suit brought under the provisions of the Commodity Exchange Act may not utilize the jurisdictional provisions of the 1933 and 1934 Acts, suits involving investment contracts do state a cause of action under the Acts and may utilize their jurisdictional provisions.[6] This is so even when

1. Defendant maintains that plaintiffs cannot cumulate their claims. Because the claims of all four plaintiffs total only $7,500.00, a decision on this issue is not relevant to the case. Nevertheless, the court is of the opinion that the defendant is correct in its contention that parties with individual claims against a single defendant may not cumulate their claims to determine the amount in controversy. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916) ; 1 J. Moore, Federal Practice, ¶ 0.97 [3] (2d ed. 1964).

2. Professor Charles Alan Wright states that the statute appears to grant jurisdiction in any actions whose constitutional basis is the commerce clause. C. Wright, Law of Federal Courts § 32, at 109 (2d ed. 1970).

3. Mulford v. Smith 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092 (1939) ; Larkin v. Roseberry, 54 F.Supp. 373 (E.D.Ky. 1944).

4. Maxwell v. Benson, 173 F.Supp. 75 (N.D.Iowa 1959).

5. S.E.C. v. W. J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946).

6. The jurisdictional provisions of the Securities Acts of 1933 and 1934 have been held applicable to suits brought under the Commodity Exchange Act in certain instances. In W. J. Abbott & Co. v. S.E.C., 276 F.Supp. 502 (W.D.Pa.1967), it was held that the Securities Exchange Commission has authority to prosecute violations of the Commodities Exchange Act. In Hecht v. Harris, 430 F.2d 1202 (9th Cir. 1970) and Goodman v. H. Hentz & Co., 265 F.Supp. 440 (N.D.Ill.1967), jurisdictional provisions of the securities acts have been held applicable where a combination of securities and commodities transactions are involved.

One decision, Booth v. Peavy Co. Commodity Services, 430 F.2d 132 (8th Cir. 1970), stands for the proposition that a private remedy for churning a commodity account is permitted either by the Commodity Exchange Act or by applicable portions of the 1933 and 1934 Acts. Thus Booth would permit the jurisdictional provisions of the federal securities laws to be available in any cases involving commodities. This court does not agree that any challenge to transactions involving commodities may be brought under the federal securities acts, and feels the holding in Booth is questionable for several reasons. First, the question of the right of action was not argued by the parties, but raised by the court on its own motion. The court discussed the issue in

the investment contracts involve only commodities. Berman v. Orimex Trading Inc., 291 F.Supp. 701 (S.D.N.Y.1968); Anderson v. Francis I. du Pont Co., 291 F.Supp. 705 (D.Minn.1968); Maheu v. Reynolds & Co., 282 F.Supp. 423 (S.D. N.Y.1967).

Some of plaintiffs' allegations in this case indicate that investment contract arrangements may have existed between the parties. If this is so, then plaintiffs may be able to state a cause of action under the Securities Acts of 1933 and 1934. Plaintiffs are given 30 days in which to amend their complaint in this regard. In the case plaintiffs fail to amend, the court will not treat this case as stating a cause of action under the federal securities acts.

For the above reasons, the motion to dismiss is overruled.

one brief paragraph. Further, none of the cases relied on by the court stands for the bald proposition that jurisdiction in any commodity fraud case is permitted by the federal securities acts. Finally, because the court in *Booth* affirmed a directed verdict for defendant, there was a less compelling reason for the court to closely examine this issue.