**Jack BERMAN and Leona Berman, Plaintiffs,**

v.

**DEAN WITTER & CO., INCORPORATED, Norman Sobel, Defendants.**

**Civ. No. 72–2512.**

United States District Court, C. D. California.

Jan. 17, 1973.

---

Robert M. Aran, Beverly Hills, Cal., for plaintiffs.

Eugene W. Bell, of Stephens, Jones, La Fever & Smith, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

PREGERSON, District Judge.

In counts one and two of their complaint, plaintiffs seek to recover damages for alleged violations of the federal securities laws. The remaining counts of the complaint, brought here under pendent jurisdiction, assert claims for breach of fiduciary duty and for negligence under California law.

Pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6), defendants move to dismiss counts one and two for lack of subject matter jurisdiction and for failure to state claims upon which relief can be granted; in addition, they ask for dismissal of the pendent state claims. Defendants' motions were heard by the Court on December 11, 1972.

This lawsuit arises out of the purchase of five futures contracts for Japanese yen. The Bermans purchased the yen futures through the brokerage firm of Dean Witter & Co.; their account was handled by defendant Sobel.

Defendants Dean Witter and Sobel maintain that counts one and two of the complaint must fail because these yen futures contracts do not constitute "securities" within the meaning of either the Securities Act of 1933 (15 U.S.C. § 77a et seq.) or the Securities Exchange Act of 1934 (15 U.S.C. § 78a et seq.)— the federal securities laws on which plaintiffs' federal law claims are bottomed.

Both the 1933 Act and the 1934 Act define security to include an "investment contract." 15 U.S.C. §§ 77b(1), 78c(a)(10). Plaintiffs argue that these yen futures are investment contracts. "[A]n investment contract for purposes of the [securities acts] means a contract,

transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party. . . ." S. E. C. v. W. J. Howey Co., 328 U.S. 293, 298–299, 66 S. Ct. 1100, 1103, 90 L.Ed. 1244 (1946). The test, then, is "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." *Id.* at 301, 66 S.Ct. at 1104.

■ In Sinva v. Merrill, Lynch, Pierce, Fenner & Smith, 253 F.Supp. 359 (S.D.N.Y.1966), the court applied this test and found that sugar futures contracts were not investment contracts, and in 'Berman v. Orimex Trading, Inc., 291 F.Supp. 701 (S.D.N.Y.1968), the court similarly found that cocoa futures contracts were not investment contracts. *Accord* Schwartz v. Bache & Co., Inc., 340 F.Supp. 995 (S.D.Iowa 1972). The court in *Sinva* said, "The purchaser [of futures contracts] gained no share in a common enterprise, either between plaintiff and defendant or plaintiff and anyone else. . . . Moreover, the purchase of commodities futures involves no reliance upon the efforts of promoters, managers, employees or any third party." *Sinva, supra,* 253 F.Supp. at 366–367. Here, plaintiffs also gained no share in a common enterprise, nor did they expect profits solely from the effort of a third party. The yen futures are therefore not investment contracts.

■ The 1933 Act also defines security to include an "evidence of indebtedness." 15 U.S.C. § 77b(1). Plaintiffs next argue that since the yen futures were purchased on margin they are evidences of indebtedness. Futures contracts are agreements for the delivery of a commodity on any day in a given future month at a specified price. The fact that the agreement is executory— the seller being obligated to make delivery in the future, the purchaser being obligated to tender payment in the future—does not transform it into a securities contract. To accept plaintiffs'

view of "evidence of indebtedness" would be tantamount to a declaration that all bilateral executory contracts are securities under the federal securities laws.

■ Finally, plaintiffs argue that although the yen futures may not be securities, nonetheless, the money provided to the broker constituted an investment contract under *Orimex, supra.* In *Orimex* the court held "that [a] discretionary account . . . constituted an investment contract." *Orimex, supra,* 291 F.Supp. at 702. The broker in that case was given money to purchase cocoa futures, but—unlike the defendants here —the broker made all the investment decisions; *i. e.,* the broker was "to invest as [he] saw fit." *Id.* Likewise, in Maheu v. Reynolds & Co., 282 F.Supp. 423 (S.D.N.Y.1967), the court found that a discretionary account, "managed and supervised in all respects" by the broker, was an investment contract. *Id.* at 429.

No discretionary account is involved in this case. Here plaintiff, Jack Berman, not the defendants, managed the account and initiated the inquiry into the purchase of the yen futures contracts. At page two of his complaint, Jack Berman states that " . . . for some substantial period of time [he] maintained, cared for, and handled [the] account" through which the purchases were made. Therefore, the plaintiffs' account was not an investment contract.

Accordingly, this Court holds that the transaction described in counts one and two of the complaint does not involve a security under the federal securities laws. Consequently, those counts are not cognizable by this Court and must be dismissed. See, Tcherepnin v. Knight, 389 U.S. 332, 334, 88 S.Ct. 548, 552, 19 L.Ed.2d 564 (1967).

■ Counts three and four of the complaint, based on nonfederal grounds, are brought to this Court via pendent jurisdiction. They too must be dismissed. In discussing pendent claims the Supreme Court has said, "[I]f the federal claims are dismissed before trial,

even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted).