Richard STUCKEY et al., Plaintiffs,

v.

duPONT GLORE FORGAN INCORPORATED et al., Defendants.

No. C 73 0099 ACW.

United States District Court,
N. D. California.

March 23, 1973.

**130**

Thomas H. Crawford, San Francisco, Cal., for plaintiffs.

Athearn, Chandler & Hoffman, San Francisco, Cal., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

WOLLENBERG, District Judge.

■ Defendants' motion to dismiss is based upon two grounds. The first ground is that plaintiffs have failed to allege a sufficient factual basis for their claims of fraud. The Court does not believe that dismissal on this basis alone would be appropriate. Because of the disposition of the motion on defendants' other ground, the Court notes, however, that Rule 9(b) constitutes a specific exception to the general rules of pleading set out in Rule 8. A generalized summary of the case does not meet the requirements of Rule 9(b).

Defendants' second ground for dismissal is that commodities futures, and brokerage agreements dealing with commodities futures do not constitute "securities" within the meaning of either § 3 of the Securities Exchange Act, 15 U.S.C. § 78c(a)(10) or § 2(1) of the Securities Act of 1933, 15 U.S.C. § 77b(1).

The definition of "security" in the two Acts is almost identical. Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967).

The definition in the Exchange Act of 1934 includes as securities:

" . . . any note, stock, treasury stock, bond, debenture, certificate of interest or participation in any profit-sharing agreement or in any oil, gas, or other mineral royalty or lease, any collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit, for a security, or in general, any instrument commonly known as a 'security'; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to any purchase, any of the foregoing . . . ."

None of the cases cited by either party has held that contracts to purchase or sell commodities, commonly called commodities futures, fits within this definition. See Loss, Securities Regulation at 491–92; Bromberg, Securities Law, § 4.-6 at p. 352 (1969): "A commodity future is not a security, even though it may be used for speculation in much the same way as a security."

Nonetheless, cases have held that a contract to purchase commodities futures may be an "investment contract" within the definitions of the Securities Act of 1933 and the Exchange Act of 1934. Gould v. Barnes Brokerage Co., Inc., 345 F.Supp. 294 (N.D.Tex.1972); Berman v. Orimex Trading Inc., 291 F.Supp. 701 (S.D.N.Y.1968); Anderson v. Francis I. du Pont & Co., 291 F.Supp. 705 (D.Minn.1968); S.E.C. v. Wickham, 12 F.Supp. 245 (D.Minn.1935).

In each of these cases, plaintiff's relationship with defendant was predicated upon a discretionary account giving defendant wide authority in buying and selling commodities. Because of this element of discretion, these courts have held that the arrangement between broker and client constituted an "investment contract" within the meaning of the Securities Acts.

The Supreme Court has set out the definition of an investment contract in S.E.C. v. W. J. Howey Co., 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1945): "The test is whether the

scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." The discretionary nature of the contracts in the district court cases cited above provides the element of profits being produced by the efforts of others. In cases where the investment agreement between broker and purchaser was not discretionary, courts have held that there was no investment contract within the meaning of the Acts, and therefore no security. McCurnin v. Kohlmeyer & Co., 340 F.Supp. 1338 (E.D.La.1972); Sinva, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 253 F.Supp. 359 (S.D.N.Y.1966).

■ This distinction forms the basis for distinguishing which broker-client arrangements constitute investment contracts. Hence, the complaint in this action fails to state a claim upon which relief can be granted. Every cause of action states directly, or through incorporation, that the basis of the claim is defendants' failure "to trade on said commodities account in strict accordance with the daily output produced by the Computer Commodity Trend Analyser" and failure to follow other specific instructions set out in paragraph 11 of the First Cause of Action. The essence of the complaint, then, is not defendants' abuse of discretion, but failure to follow instructions. Since plaintiff alleges that such instructions were a part of the brokerage arrangement, there was no investment of money with profits to come "solely from the efforts of others". Plaintiffs themselves took an active part in the enterprise.

The recent Ninth Circuit decision in S.E.C. v. Glenn W. Turner Enterprises, Inc., et al., 474 F.2d 476 (9th Cir. 1973) is distinguishable from the instant case. That decision explicitly said:

"We hold only that the requirement that profits come 'solely' from the efforts of others would, in circumstances such as these, lead to unrealistic results if applied dogmatically, and that

a more flexible approach is appropriate." (at 483)

That case involved a widespread promotional scheme under which investors were induced to purchase "Adventure Plans". The essence of the scheme was to convince purchasers to become sellers of plans; purchasers could realize a return on their investment only by convincing others to buy the plans. Hence, a strict reading of the "solely" requirement would have mandated a finding that the schemes were not investment contracts. Nothing remotely similar is alleged in the present complaint. Rather, it appears that plaintiffs and defendants entered an ordinary brokerage agreement. Hence, *Turner Enterprises* has no application to the present case.

■ A second, independent reason for finding that the complaint in question fails to allege the existence of investment contracts is the failure to allege the existence of a common enterprise. S.E.C. v. W. J. Howey Co., *supra*. In Milnarik v. M–S Commodities, Inc., 457 F.2d 274 (7th Cir.) cert. denied, 409 U. S. 887, 93 S.Ct. 113, 34 L.Ed.2d 144 (1972), the Seventh Circuit held:

"We find the element of commonality absent here. Although the complaint does allege that Nelson entered into similar discretionary arrangements with other customers, the success or failure of those other contracts had no direct impact on the profitability of plaintiffs' contract. Nelson's various customers were represented by a common agent, but they were not joint participants in the same investment enterprise." (457 F.2d at 276–277)

This interpretation of the common enterprise requirement is persuasive, and the Court adopts it.

The Court is not unmindful that plaintiff may have a cause of action under the Commodities Exchange Act, 7 U.S.C. § 6b et seq. *Gould, Anderson, McCurnin, supra.* Nonetheless, the present complaint must be dismissed because neither the commodities futures

**132**

nor the brokerage arrangement alleged in the complaint constitute "securities" within the meaning of the Securities Acts.

Defendants' motion for dismissal pursuant to Rule 12(b)(6) is Granted. Plaintiff may have thirty days to file an amended complaint.