**Evelyn GOLDING, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Defendants.**

**No. 71 Civ. 5586.**

United States District Court,
S. D. New York.

Dec. 4, 1974.

Trubin, Sillcocks, Edelman & Knapp, New York City, for plaintiff; Robert R. MacDonnell, Loren G. Lavine, New York City, of counsel.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendants; James K. Manning, New York City, of counsel.

METZNER, District Judge:

Defendants in this action move for judgment on the pleadings as to Counts One through Four of the amended complaint. Fed.R.Civ.P., Rule 12(c). They further move for dismissal of the remaining six counts for lack of subject matter jurisdiction. Fed.R.Civ.P., Rule 12(b)(1).

Count One alleges substantive violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder. The second count is based on Section 9(a)(4), 15 U.S.C. § 78i(a)(4), of the same Act. The third count alleges the same facts, and is grounded on Section 15(c)(1) of the 1934 Act, 15 U.S.C. § 78o(c)(1), while Count Four alleges violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

It is alleged that plaintiff, an unsophisticated investor, established both a securities account and a commodity account at Merrill Lynch, Pierce, Fenner & Smith (Merrill Lynch) in November of 1969. Over approximately the next one and one-half years, plaintiff placed more than $150,000 in these accounts. It is further claimed that due to the misstatements, material omissions and fraudulent schemes and devices of defendants, plaintiff lost her entire investment, through ill-advised transactions in silver futures, made on the false recommendations of defendants.

■ It is established that commodities futures contracts are not "investment contracts" within the definitions of the securities acts. Sinva, Inc. v. Merrill Lynch, Pierce, Fenner &

Smith, Inc., 253 F.Supp. 359 (S.D.N.Y. 1966), cited with approval, Glen-Arden Commodities, Inc. v. Costantino, 493 F.2d 1027, 1033 (2d Cir. 1974). As there is no allegation that either of the accounts at Merrill Lynch were discretionary accounts, the reasoning of Berman v. Orimex Trading, Inc., 291 F.Supp. 701 (S.D.N.Y.1968), that a discretionary trading account for commodities is itself an "investment contract" under the securities acts, is unavailing here.

However, plaintiff further alleges that defendants, in order to induce her to maintain her long position in the futures, guaranteed to make good any losses she sustained by making "new issues" of common stock available to her so that she might realize an immediate appreciation. In addition, as part of the guarantee to make good plaintiff's losses, defendants allegedly entered into an illegal arrangement whereby plaintiff was given options to purchase common shares at issuance price, exercisable a day following the initial offering, when the securities might have appreciated. Plaintiff contends that these dealings with securities are sufficient to bring the commodities transaction within the federal jurisdiction.

■ It is true that when there is a single fraudulent scheme involving both securities and commodities, the federal courts have jurisdiction over violations with respect to the commodity transactions. *Sinva, supra. See* McCurnin v. Kohlmeyer & Co., 340 F.Supp. 1338 (E.D.La.1972), *aff'd*, 477 F.2d 113 (5th Cir. 1973).

■ However, the promise to make good losses through the availability of new issues, even though fraudulently made, is not a misrepresentation that is "in connection with" the purchase or sale of securities. All actions under the securities laws require a nexus with the purchase or sale of securities. The "touching" test of Superintendent of Insurance v. Bankers Life and Casualty Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971) is of no help to plaintiff, as this test requires the scheme to be with respect to the purchase and sale of securities, not commodities. While it is more than likely that such a scheme to cause an investor to hold his investments, were they securities, would state a claim under the securities laws, Stockwell v. Reynolds & Co., 252 F.Supp. 215 (S.D. N.Y.1965), it is insufficient here.

As to the illegal arrangement to cover losses by options, there is no allegation that plaintiff suffered any loss thereby in *securities transactions*, and in fact, if anything, paragraph 16(g) of the amended complaint implies that plaintiff may have benefited from her illegal participation in the agreement.

■ Plaintiff further states that defendants' alleged failure to comply with a pretrial discovery order precludes the dismissal of the counts. Whether or not discovery has been completed, as the issue goes to subject matter jurisdiction of the court, it is difficult to see how failure to complete discovery could preclude the granting of defendants' motion.

Accordingly, defendants' motion to dismiss Counts One through Four must be granted. The same result must follow as to the remaining counts, as they are merely pendent to the asserted federal claims.

So ordered.